UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 16-77-HRW

DORA QUEEN,                                                                          PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

WAL-MART STORES, EAST, LP,                               DEFENDANT.

This matter is before the Court upon Defendant Wal-Mart Stores, East, L.P.'s Motion for Summary Judgment [Docket No. 18]. The matter has been fully briefed by the parties [Docket Nos. 18-1, 20 and 21]. For the reasons set forth herein, the Court finds that Defendant is entitled to judgment as a matter of law.

**I.**

This case arises from a fall which occurred at the Wal-Mart in Cannonsburg, Kentucky on October 15, 2015 [Complaint, Docket No. 1-1, ¶ 4]. On that day, Plaintiff Dora Queen, who was 74 years old at the time of the accident, was shopping at the Cannonsburg, Kentucky Wal-Mart. A few months earlier, she broke her right wrist in a different fall. She was still treating for her wrist injury on the day of the Wal-Mart accident. [Deposition of Plaintiff, Docket No. 18-3, pg. 16-22]. Plaintiff, pushing a cart, had just gathered a few items from the dairy before she fell. *Id.* at 50.

In her deposition she describes the fall: She pushed her cart close to a large display of water on a pallet, and attempted to slide a case of water into her cart, so she would not have to

use her injured hand to lift the water. *Id.* at 53, 60. Her right foot was behind the wheel of the cart, and she pulled her left leg up to balance herself. *Id.* at 61. Once she did so, she felt something pull. *Id.* She was thrown off balance and heard a snap. *Id.* at 53, 61. She fell toward the water. *Id.* at 60-61. Her cart went "flying down the aisle", she fell to both knees, and her right hand hit the case of water. *Id.* at 60. She then saw the piece of wood on the floor. *Id.* at 53, 65. It was not there before she fell. *Id.* at 67.

As a result of the fall, Plaintiff suffered a torn left ACL as well as an unspecified torn ligament on her right side. *Id.* at 41-44. She claims that despite treatment and physical therapy, she still experiences pain in her knees and, as such, her activities are restricted. *Id.* at 47.

Plaintiff filed a civil lawsuit against Wal-Mart in Boyd Circuit Court, alleging negligence and seeking compensatory damages, as well as attorney's fees [Docket No. 1].

The case was removed to this Court upon the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332.

Defendant now seeks summary judgement, arguing that Plaintiff has failed to bring forth any evidence that Wal-Mart breached a duty to her or caused the accident.

## II.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

"Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not merely rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) quoting *Anderson*, 477 U.S. at 251-52.

In this diversity action, the Court applies Kentucky law to the substantive legal issues. Further, the parties do not dispute the standard to be applied to the Plaintiff's negligence claims. To prevail, she must prove three elements: (1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992); *M & T Chemicals v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974).

In 2003, the Kentucky Supreme Court dramatically changed the landscape of premises liability cases by altering the plaintiff's burden of proof in the now infamous case *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003). Under *Lanier*, the customer retains the burden of proving that: (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees. *Id.* at 435–36. Such proof creates a rebuttable presumption sufficient to avoid a summary judgment or directed verdict, *Id.* at 435, and "shifts the burden of proving the absence of negligence, i.e., the exercise of reasonable care, to the party who invited the injured customer to its business premises." *Id.* at 437.

### III.

In seeking summary judgment, Defendant argues that Plaintiff cannot prove that she encountered a dangerous condition at Wal-Mart on the day in question. It points out that Plaintiff concedes there was no spill, tripping mechanism, or dangerous instrumentality which caused her to fall. Rather, according to her own testimony, Plaintiff fell because she lost her balance while trying to slide water into her cart. She, then, caught her pant leg on a pallet and fell. There is no proof that anything was wrong with the pallet before she fell. In fact, Plaintiff admits the pallet was not broken before she fell. Plaintiff broke the pallet after she lost her balance. Further, there was nothing on the floor when she tried to slide the water into her cart. Where, then, asks Defendant, is the dangerous condition?

4

The presence of a pallet in an aisle is not, in and of it itself, dangerous. In *Arrambide v. Wal–Mart Stores, Inc.*, 33 F.App'x 199, 201–02 (6th Cir.2002), the plaintiff claimed Wal–Mart was liable for creating a dangerous condition by placing a pallet on the floor in the store's lawn and garden center. While she was shopping, Arrambide's attention was attracted by some planting pots. She left her cart as the aisle was narrow, and walked past the pallet and through the aisle looking at the pots. On her way back to the cart, she became tangled in the pallet and fell.

The Sixth Circuit Court of Appeals affirmed the District Court's grant of summary judgment, stating as :

> The first allegedly dangerous condition is that Wal–Mart placed the pallet in a dangerous position on the floor. In particular, Mrs. Arrambide contends that Wal–Mart owes her "a duty to insure that its aisles are sufficiently wide for a shopping cart to pass through ." Mrs. Arrambide cites no case law to support this duty. Moreover, applying the *Coln* test to the placement of the pallet on the floor, the foreseeability and gravity of the harm to Mrs. Arrambide from the narrow aisle does not outweigh the burden on Wal–Mart to ensure that the aisle was not too narrow for a shopping cart. The foreseeability and gravity of harm is minimal because the narrowing of the aisle was open and obvious. In fact, the narrowing of the aisle was more than open and obvious. Mrs. Arrambide actually observed the narrowing of the aisle and the placement of the pallet as evidenced by her decision to leave her shopping cart at the end of the aisle and to walk around the pallet the first time.... Thus, Mrs. Arrambide was sufficiently aware of the pallet's existence and familiar with its placement for her to reasonably avoid any harm associated with the placement of the pallet on the floor.

Id. at 201-202.

Although decided using Tennessee law, *Arrambide* clearly provides that otherwise not defective pallets in an aisle are not a "dangerous condition."

In the absence of a dangerous condition on its premises, Plaintiff cannot establish that Wal-Mart breached any duty owed her and, as such, cannot carry her burden in proving that Wal-mart was negligent.

Nor can Plaintiff credibly maintain that Wal-Mart's alleged negligence was a substantial factor in causing her fall and injuries. Indeed, Defendant goes as far to suggest that had Plaintiff exercised ordinary care, she would not have fallen. Plaintiff pushed her cart close to the display of water so that she would not have to use her injured hand to lift the water into her cart. She admits that she was loading her cart in an unconventional fashion to protect her injured wrist.

> Q. If you hadn't been trying to slide the water off the display into your cart and just selected the water and put it in your cart, you wouldn't have been that close to the pallet, correct?
> A. Correct.

[Deposition of Plaintiff, Docket No. 18-3, pg. 63]

When she slid the water into her cart, she was thrown off balance. *Id*. She heard a snap, felt something pull on her pant leg, and then fell. *Id*. at 66-68. Her cart went "flying down the aisle" when she fell. *Id*. at 60-61. There was no one in the aisle with her when she fell. *Id*. at 54. She has presented no affirmative evidence of either act or omission on behalf of Wal-Mart. Rather, she has established is that the floor was clear, she observed nothing wrong with the pallet, and she, somehow, tripped on the pallet, breaking it.

6

Plaintiff cannot prove causation – an essential element of her negligence claim. Possibility of causation, speculation and conjecture is not enough to establish causation in a claim for negligence. *Texaco, Inc. v. Standard*, 536 S.W.2d 136, 138 (Ky. 1975).

## IV.

According to some, *Lanier* all but abolished summary judgment in premises liability cases. Almost, but not quite. In cases such as this one, one may not assume the existence of a dangerous condition. It is the burden of the Plaintiff to present evidence of such a condition and that the condition was a substantial factor in the incident. In this case, Plaintiff has done neither. Therefore, Defendant is entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Wal-Mart Stores, East, L.P.'s Motion for Summary Judgment [Docket No. 18] be **SUSTAINED**. A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 1st day of June, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**